**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**VAUGHN DAMON WILSON** **PLAINTIFF**

**v.** **Case No. 2:26-CV-02106-DCF**

**JAKE STAFFORD; KURT VANMATRE; SERGEANT BILLY WILLIAMS** **DEFENDANTS**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is a Report and Recommendation (Doc. 7) issued on August 4, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On preservice screening, Magistrate Judge Ford recommends that Plaintiff Vaughn Damon Wilson's Complaint be dismissed without prejudice because it is inherently frivolous and plaintiff fails to state a claim on which relief may be granted. Plaintiff filed objections to the Report and Recommendation on July 8, 2026 (Doc. 9). In light of Plaintiff's Objections, the Court conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1)(C). After careful review, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in all respects and in its entirety as this Court's findings. For the reasons given below, the Report and Recommendation is **ADOPTED IN ITS ENTIRETY.**

## I. DISCUSSION

Plaintiff contends that Defendants, who are all employees or officers of The Arkansas Game and Fish Commission, violated numerous rights guaranteed by the U.S. Constitution when they allegedly entered and searched his property without a warrant (Docs. 2 and 9).

Alleged Violations

- 42 U.S.C. § 1983
- Due Process
- Preamble of the Constitution
- Second Amendment
- Fourth Amendment
- Sixth Amendment
- Seventh Amendment
- U.S. Const. art. I, § 10
- U.S. Const. art. II, § 2
- 18 U.S.C. §§ 8, 112(a), 112(b), 241, 242, 1545
- 25 C.F.R. 11.406

The Defendants have been sued in their official capacity under 42 U.S.C. § 1983. A § 1983 claim provides a mechanism for filing a civil lawsuit against state actors who, under the color of law, cause the deprivation of a citizen's constitutional

rights, privileges, or immunities. 42 U.S.C. § 1983; *see Dunham v. Wadley,* 195 F.3d 1007, 1009 (8th Cir. 1999); *Butler v. Dowd,* 979 F.2d 661, 669 (8th Cir. 1992). However, the Court must dismiss a complaint if it contains claims that are frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Fields v. Ark. Dep't of Corr.*, No. 22-00188, 2022 WL 17345922, at *1 (E.D. Ark. Sept. 13, 2022) (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to [a] less stringent standard than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

"It is well-established in the Eighth Circuit that claims based on sovereign citizen ideology are inherently frivolous and should be summarily dismissed as a waste of judicial resources." *Hopper v. Addams*, No. 24-02129, 2024 WL 4730595, at *2 (W.D. Ark. Oct. 21, 2024), report and recommendation adopted, No. 2:24-

2129, 2024 WL 4728418 (W.D. Ark. Nov. 8, 2024), appeal dismissed, No. 24-3405, 2025 WL 1525407 (8th Cir. Feb. 20, 2025); *see U.S. v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding the sovereign citizen issues in the case "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion"); *Meyer v. Pfeifle*, No. 4:18-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), *aff'd*, 790 F. App'x 843 (8th Cir. 2020) ("[plaintiff's] allegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim"); *Engel v. Corizon*, No. 20-1744, 2021 WL 1105351, at *3 (E.D. Mo. Mar. 23, 2021) ("Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation.").

Although Plaintiff denies that he ascribes to "sovereign citizen" ideology and finds it to be "derogatory" (Doc. 9, p. 3), his arguments resemble the "legal-sounding but ultimately baseless arguments" courts typically see "[w]hen sovereign citizens litigate." *See Riding v. Morgan Stanley & Co. LLC*, No. 25-00648, 2025 WL 3543006, at *4 (W.D. Mo. Dec. 10, 2025). For example, Plaintiff repeatedly argues his "allodial land was searched" and that he has a "land patent." (Doc. 2, p. 4). Plaintiff attaches his birth certificate to his filings and asserts he is a "beneficiary of the constitution for the United States" and "one of 'we the people,'" but is "not a trustee of any kind." (Doc. 9, pp. 1, 3; Doc 2, p. 1). He argues that his mandatory appearance at a district court in Van Buren, Arkansas for violating a regulation is

improper because the district court "has no constitutional authority to exist" and that "a regulation is not a law," but merely "contractual in nature." (Doc. 2, p. 5).

Further, he alleges that because the court uses commercial paper rather than "gold and silver coin" as "mandated" by the Constiution, these are obligations of the United States and not his responsibility." (*Id.* at 6). Plaintiff also uses the phrase "all rights reserved" on the signature line of his Complaint, Objections, and attached exhibits. (*Id.* at 9, 12; Doc. 9, p. 6). These are hallmarks of filings by proponents of the "sovereign citizen ideology." *See Riding*, No. 4:25-00648, 2025 WL 3543006, at *4 (discussing practices that are characteristic of sovereign citizen activity); *U.S. v. Manke*, No. 01-00175-01, 2012 WL 1898757, at *6 (W.D. Mo. May 23, 2012) ("The concept of allodial title to land is an archaic concept not recognized in modern United States law for property ownership by individuals.").

Even setting aside the sovereign citizen analysis, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's Objections fail to provide sufficient additional details to supplement his initial Complaint and do not address the deficiencies outlined in the Report and Recommendation. *See Thornton v. Phillips Cnty*, 240 F.3rd 728, 729 (8th Cir. 2008) (suggesting that objections to a magistrate judge's report can be treated as a way to amend the original complaint). For example, though Plaintiff's Objection provides the specific regulation that he believes Defendants listed on his Citation, the document itself is still unclear. (Doc. 9, pp. 2, 7). Further, the relief Plaintiff seeks, such as "order all State courts with

original jurisdiction [to] make available a jury," "declare the [Fifth District Division Van Buren] court has no jurisdiction over [him]," and "declare all lands within the state are declared to be allodial, and feudal tenures are prohibited," among many other demands are beyond the reach of this Court. (Doc. 2, pp. 6-8).

For these reasons, the Court agrees with the recommendation that the Complaint should be dismissed without prejudice. There is nothing in this Order prohibiting Plaintiff from re-filing his action properly asserting sufficient facts to support a clearly articulated claim or claims.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation is proper and is **ADOPTED IN ITS ENTIRETY**. Accordingly, Plaintiff's case will be **DISMISSED WITHOUT PREJUDICE** and pending motions (Docs. 3, 4, and 8) **DENIED AS MOOT**.

**IT IS SO ORDERED** this 2nd day of November 2026.

*/s/ David Clay Fowlkes*

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE